COMMONWEALTH OF KENTUCKY
CHRISTIAN CIRCUIT COURT
CIVIL ACTION NO.: 22-CI-\_\_\_\_\_
DIVISION \_\_\_\_\_
*Electronically Filed*

ASHLEY WHITAKER                                                                                           PLAINTIFFS

and

ASHLEY WHITAKER, as parent and next friend
of C.W., a minor

and

ASHLEY WHITAKER, as parent and next friend
of A.W., a minor

v.

IBRAHIM ESHAG
   **Serve via Kentucky Secretary of State:**
   Ibrahim Eshag
   4601 Minister Drive, Apartment 3404
   Ft. Worth, TX 76119

and

TYG TRANSPORTATION INC.
   **Serve via Kentucky Secretary of State:**
   49+1 Process Agents, LLC
   John Sims
   1205 Broadway Street
   Lubbock, TX 79401                                                                                      DEFENDANTS

---

## COMPLAINT

---

Plaintiffs, Ashley Whitaker, individually, Ashley Whitaker, as parent and next friend of C.W., a minor, and Ashley Whitaker, as parent and next friend of A.W., a minor, for their Complaint against Defendants, Ibrahim Eshag and TYG Transportation Inc., state as follows:

1

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Ashley Whitaker, is a citizen and resident of the State of Tennessee.

2. At all relevant times, Ibrahim Eshag ("Defendant Eshag"), was a citizen and resident of the State of Texas, residing at 4601 Minister Drive, Apartment 3404, Fort Worth, Texas 76119, and can receive service at that address through the Kentucky Secretary of State.

3. At all relevant times, Defendant, TYG Transportation Inc. ("Defendant TYG Transportation"), is a Texas corporation incorporated and existing under the laws of the State of Texas, with its principal place of business located at 6101 Melody Lane #1003, Dallas, TX 75231.

4. Upon information and belief, Defendant TYG Transportation has designated 1+49 Process Agents, LLC, John Sims, 1205 Broadway Street, Lubbock, Texas 79401 as its registered, blanket agent for service of process.

5. At all relevant times, Defendant Eshag was the employee, agent, servant, and/or statutory employee for Defendant TYG Transportation, operating a 2015 Volvo VNL tractor and trailer, for the benefit of, in furtherance of the interests of and/or within the course and scope of his employment with Defendant TYG Transportation. Accordingly, Defendant TYG Transportation is vicariously liable for the acts of Defendant Eshag.

6. The amount in controversy exceeds the minimum amount necessary to establish the jurisdiction of this Court.

7. Venue is appropriate because the tractor-trailer collision giving rise to this lawsuit occurred in Hopkinsville, Christian County, Kentucky, on December 21, 2021.

## COUNT I – COMMON LAW NEGLIGENCE
## AGAINST DEFENDANT ESHAG
## AND TYG TRANSPORTATION

8. On or about December 21, 2021, in Hopkinsville, Christian County, Kentucky, Defendant Eshag was operating a 2015 Volvo VNL traveling westbound on I-24.

9. Upon information and belief, the 2015 Volvo VNL was operated by Defendant Eshag on behalf of his employer, Defendant TYG Transportation.

10. As Defendant Eshag was traveling westbound on I-24 he fell asleep, crossed through guide cables in the median, and began traveling on the eastbound side of I-24.

11. The guide cables became wrapped around the cab of the Volvo VNL and was dragged a long distance until the Volvo VNL and guide cables it hit several vehicles head-on, including the 2015 Ford Escape that was operated by Plaintiff, Ashley Whitaker, and in which C.W., a minor, and A.W., a minor, were passengers.

12. Defendant Eshag operated the 2015 Volvo VNL in a negligent, careless, and reckless manner, causing serious injuries to Plaintiffs, for which Defendant TYG Transportation is vicariously liable.

13. As a direct and proximate result of the gross negligence and carelessness of Defendants Eshag and TYG Transportation, the Plaintiffs, Ashley Whitaker, C.W., and A.W., sustained temporary and permanent injuries to their bodies, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiffs will continue to suffer such damages in the future, as their injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of their injuries.

## COUNT II – NEGLIGENCE *PER SE* AGAINST DEFENDANTS ESHAG AND TYG TRANSPORTATION

14. Plaintiffs adopt and reiterate each and every allegation above, as if set out fully in this paragraph.

15. Defendant Eshag violated state and federal statutes and regulations, including but not limited to KRS 189.290, KRS 189.300, KRS 189.390, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiffs, and constitutes negligence *per se* pursuant to KRS 446.070 and Kentucky case law, for which Defendant TYG Transportation is vicariously liable.

16. The injuries sustained by Plaintiff are of the type which these statutes seek to prevent and that such injuries were proximately caused by Defendant Eshag's violation of these statutes, for which Defendant TYG Transportation is vicariously liable.

17. As a direct and proximate result of the gross negligence and negligence *per se* of Defendants Eshag and TYG Transportation, the Plaintiffs sustained temporary and permanent injuries to their bodies, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiffs will continue to suffer such damages in the future, as their injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of their injuries.

## COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISING AND ENTRUSTMENT AGAINST DEFENDANT TYG TRANSPORTATION

18. Plaintiffs adopt and reiterate each and every allegation above, as if set out fully in this paragraph.

4

19. Defendant TYG Transportation had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Eshag and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

20. Defendant TYG Transportation had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

21. Defendant TYG Transportation was negligent, careless and reckless with regard to the duties set forth above, causing serious injury to Plaintiffs, for which it is directly liable.

22. Defendant TYG Transportation violated state and federal statutes and regulations, including but not limited to KRS 189.224, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiffs, and constitutes negligence *per se* pursuant to KRS 446.070 and Kentucky case law, for which it is directly liable.

23. As a direct and proximate result of the gross negligence, carelessness, and recklessness of Defendants Eshag and TYG Transportation, the Plaintiffs sustained temporary and permanent injuries to their bodies, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiffs will continue to suffer such damages in the future, as their injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of their injuries.

### COUNT IV – PUNITIVE DAMAGES AGAINST DEFENDANT ESHAG AND DEFENDANT TYG TRANSPORTATION

24. Plaintiffs adopt and reiterate each and every allegation above, as if set out fully in this paragraph.

25. Defendant TYG Transportation and Defendant Eshag acted recklessly, wantonly and/or with extreme indifference or reckless disregard for the consequences of their actions as well as exhibiting a reckless disregard for the life, safety and health of others, including Plaintiffs, warranting the imposition of punitive damages pursuant to KRS 411.184 and 411.186. Furthermore, punitive damages are supported by Kentucky's declaration that tractor-trailers endanger the lives and safety of the traveling public, which includes Plaintiffs, pursuant to KRS 189.670, which states:

> It is hereby declared to be the public policy of this state that heavy motor trucks, alone or in combination with other vehicles, increase the cost of highway construction and maintenance, interfere with and limit the use of highways for normal traffic thereon, and endanger the safety and lives of the traveling public, and that the regulations embodied in this chapter with respect to motor trucks, semitrailer trucks and semitrailers are necessary to achieve economy in highway costs, and to permit the highways to be used freely and safely by the traveling public.

26. Defendant TYG Transportation and Defendant Eshag acted recklessly, wantonly and/or with extreme indifference or reckless disregard for the consequences of their actions, as well as exhibiting a reckless disregard for the life, safety and health of others, including Plaintiffs, as set forth above, so as to warrant the imposition of punitive damages.

27. The imposition of punitive damages is necessary to serve as a deterrent effect to Defendants TYG Transportation, Eshag, and all others similarly situated.

**WHEREFORE**, Plaintiffs demand judgment against Defendants Ibrahim Eshag, and TYG Transportation as follows:

A. A trial by jury on all issues of fact herein;

B. For actual, special, punitive, and compensatory damages permitted by law, in an amount greater than the jurisdictional minimum of this Court;

C. For prejudgment interest from the date of the Plaintiffs' injuries until such time the judgment is paid;

D. For Plaintiffs' costs herein expended; and

E. For any and all other relief to which the Plaintiffs are entitled.

## CERTIFICATION

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the Plaintiffs as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiffs as a result of this action.

The parties notified are as follows:

Anthem Blue Cross Blue Shield
ATTN: Subrogation Department
P.O. Box 659505
San Antonio, TX 78265

RESPECTFULLY submitted this 31st day of May 2022:

>                                         /s/ Shea W. Conley
>                                         SHEA W. CONLEY
>                                         Morgan & Morgan, Kentucky, PLLC
>                                         333 West Vine Street, Suite 1200
>                                         Lexington, KY 40507
>                                         Telephone: (859) 286-8364
>                                         Facsimile: (859) 899-8108
>                                         sconley@forthepeople.com

7

| AOC-E-105      Sum Code: CI | | Case #: **22-CI-00418** |
|---|---|---|
| Rev. 9-14 |  | Court: **CIRCUIT** |
| Commonwealth of Kentucky<br>Court of Justice     *Courts.ky.gov* | | County: **CHRISTIAN** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plantiff,* **WHITAKER, ASHLEY ET AL VS. ESHAG, IBRAHIM ET AL**, *Defendant*

TO:  **IBRAHIM ESHAG**
     **4601 MINISTER DR., APT. 3404**
     **FORT WORTH, TX 76119**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Paige Parker*
Christian Circuit Clerk
Date: **5/31/2022**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20_____         _____
                                                Served By

                                         _____
                                                Title

Summons ID: @00001080507
CIRCUIT: 22-CI-00418 Long Arm Statute – SOS - Restricted Delivery
WHITAKER, ASHLEY ET AL VS. ESHAG, IBRAHIM ET AL



Page 1 of 1

eFiled

| | | |
|---|---|---|
| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **22-CI-00418**<br>Court:    **CIRCUIT**<br>County: **CHRISTIAN** |

*Plantiff,* **WHITAKER, ASHLEY ET AL VS. ESHAG, IBRAHIM ET AL**, *Defendant*

TO:  **49+1 PROCESS AGENTS, LLC, JOHN SIMS**
       **1205 BROADWAY ST.**
       **LUBBOCK, TX 79401**

Memo: Related party is TYG TRANSPORTATION INC.

The Commonwealth of Kentucky to Defendant:
**TYG TRANSPORTATION INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Paige Parker*
Christian Circuit Clerk
Date: **5/31/2022**

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20____                         _____
                                                                                      Served By

                                                                                      _____
                                                                                      Title

Summons ID: @00001080508
CIRCUIT: 22-CI-00418 Long Arm Statute – SOS - Restricted Delivery
WHITAKER, ASHLEY ET AL VS. ESHAG, IBRAHIM ET AL



Page 1 of 1

eFiled